UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN PICKERING-GEORGE,<br><br>                          Plaintiff,<br><br>-against-<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, et al.,<br><br>                          Defendants. | 21-CV-9251 (LTS)<br><br>ORDER OF DISMISSAL<br>UNDER 28 U.S.C. § 1651 |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action seeking review under 42 U.S.C. § 405(g) of the Commissioner of Social Security's decision denying or terminating his application for disability benefits. Plaintiff also requests permission to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court denies Plaintiff's request for leave to file this action IFP and dismisses the complaint.

## BACKGROUND

On August 25, 2008, Judge Kimba M. Wood barred Plaintiff from filing any new action IFP without first obtaining from the Court leave to file. *See Pickering-George v. City of New York Bronx Cnty.*, No. 08-CV-5112 (KMW) (S.D.N.Y. Aug. 25, 2008), *app. dismissed*, No. 08-5355-cv (2d Cir. May 1, 2009). On October 6, 2015, however, Judge Vincent Briccetti granted Plaintiff leave to file an action seeking review under Section 405(g) of the Commissioner of Social Security's decision denying his application for disability benefits. *See Pickering-George v. Comm'r of Soc. Sec.*, ECF 7:15-CV-4650, 7 (S.D.N.Y. Oct. 6, 2015). In a decision and order dated April 6, 2017, Magistrate Judge Paul E. Davison remanded that action to the Commissioner of Social Security for further administrative proceedings consistent with the decision and order. ECF 7:15-CV-4650, 34. When Plaintiff continued to submit voluminous filings in that action, Magistrate Judge Davison issued an order warning Plaintiff that the case is

closed and stating that further filings in that action will not be considered by the court. ECF 7:15-CV-4650, 45. That order further advised Plaintiff that if he wishes to obtain review of further determinations by the Commissioner, he must file a new civil action. (*Id.*)

On October 13, 2020, the court received from Plaintiff a submission bearing the caption *Pickering-George v. Commissioner of Social Security*, and labeled with case number 15-CV-4650 (PED). The Clerk of Court opened that submission as a new civil action. *See Pickering-George v. Commissioner of Social Security*, ECF 1:20-CV-8597, 1 (S.D.N.Y. Oct. 13, 2020). On October 29, 2020, then-Chief Judge Colleen McMahon dismissed the complaint for Plaintiff's failure to comply with the August 25, 2008 order that directed Plaintiff to first obtain permission from the Court before filing any new action. ECF 1:20-CV-8597, 2. Plaintiff subsequently submitted several confusing motions, an amended complaint, and other documents in that closed case. By order dated January 28, 2021, Judge McMahon denied Plaintiff's motions and requests for relief and informed him that if he continued to file documents that are frivolous or meritless, he will be barred from filing further documents in the action. ECF 1:20-CV-8597, 7. When Plaintiff failed to heed the Court's warnings and continued to file documents in the closed case, on August 10, 2021, Judge McMahon directed Plaintiff to show cause why he should not be barred from filing any further documents in that case. ECF 1:20-CV-8597, 11. On October 5, 2021, Plaintiff filed an affirmation in that case, which remains pending.

On November 5, 2021, Plaintiff submitted this new action in which he again seeks review under Section 405(g) of the Commissioner of Social Security's decision denying or terminating his application for disability benefits. The submission is difficult to understand. Plaintiff states that this is a "complaint for review of social security decision, injunction, regarding 'adjudicating 'agency components, department' to stop denying or, terminating disability benefits claims, FRCP Rule. 4(c)(3), (i)(1)(A)(i)-(ii), (B)(c), (2)(3)(4)(A)(B), (j) and, F.R. Crim. Proc. Rule.

(1)(a)(b)(c) et seq." (ECF No. 2, at 1.) (missing internal quotation mark and underlining in original). In his "statement of claim," Plaintiff alleges the following:

> The Commissioner's decision was based on legal error, . . . 1) Entitlement or continuing entitlement, dual entitlement overview, conditions for entitlement and definitions, termination of entitlement and, technical entitlement "medicare". ,. . . . 2) Entitlement to hospital insurance benefits. , . . . . 3) Health insurance for aged and disabled, . . . . 3) Federal old-aged survivors and disability insurance medicare.

(*Id.* at 12) (ellipses and numbering in original). Plaintiff attaches to the complaint a request for reconsideration to the Social Security Administration (SSA) dated July 15, 2021, in which he asserts that he is appealing a July 20, 2015 decision. (*Id.* at 19-36.) He also attaches to the complaint the following: (1) an SSA notice dated July 20, 2015, disapproving his claim; (2) an SSA notice dated April 12, 2019, stating that he is eligible for Supplemental Security Income (SSI); and (3) an SSA notice dated May 2, 2020, indicating that he will receive monthly SSI in the amount of $783.00, and SSI back payments of $35,712.99 to be paid in installments. (*Id.* at 37-46.)

Plaintiff also attaches to the complaint a letter in which he requests leave from the Court to file the complaint. (*Id.* at 16-17.) He asserts that "[t]he efficient administration of justice requires that plaintiff-claimant be given leave to file an-complaint." (*Id.* at 17.)

## DISCUSSION

The Court, having reviewed Plaintiff's complaint, denies him leave to proceed with this new action IFP. Plaintiff asserts that he brings this action seeking review of the Commissioner of Social Security's decision to deny or terminate his disability benefits. He, however, fails to identify the decision he seeks to challenge or allege facts suggesting that he has obtained a final decision from the Commissioner of Social Security,[1] as required under the Social Security Act,

---

[1] The "final decision" requirement has two elements. The first is the requirement that a claim for benefits be presented to the Commissioner. The second is the requirement that the administrative remedies of the Social Security Administration be exhausted. *Abbey v. Sullivan*,

before seeking relief in federal court. *See* 42 U.S.C. § 405(g); *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975) ("The statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are 'final' and 'made after a hearing.'"). Plaintiff fails to provide plausible facts and clouds the legal issues he may be trying to present with disjointed information and a barrage of legal citations, rendering it difficult to understand the complaint. Because this action is not a departure from Plaintiff's pattern of vexatious and frivolous litigation, the Court declines to grant him leave to proceed IFP with this action. *See Pickering-George v. City of New York Bronx Cnty.*, No. 08-CV-5112 (KMW) (S.D.N.Y. June 4, 2008) (summarizing Plaintiff's extensive history of filing frivolous actions in several federal courts under at least five aliases).

## CONCLUSION

The Court finds that Plaintiff has failed to show good cause why he should be permitted to file this new action. The Court therefore denies Plaintiff's request for leave to file this new action IFP and dismisses this action. All other pending matters are terminated. The order barring Plaintiff from filing any new action IFP without first seeking permission of the Court remains in effect. The Clerk of the Court is directed to close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

978 F.2d 37, 43 (2d Cir. 1992) (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1986)). To exhaust the administrative review process, a plaintiff must: (1) receive an initial determination concerning the computation of benefits; (2) seek reconsideration; (3) request a hearing before an administrative law judge (ALJ); and (4) request that the Appeals Council review the ALJ's decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.900(a)(1)-(5). Once the Appeals Council issues a final decision, the claimant may seek review of that final administrative decision in a federal district court.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: January 10, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                        Chief United States District Judge